◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIGMUND ALEXANDER, Appellant.—Judgment, Supreme Court, New York County (Michael J. Dontzin, J., at suppression hearing; Beverly S. Cohen, J., at jury trial and sentence), rendered February 28, 1990, convicting defendant of two counts of robbery in the second degree, and sentencing him as

a second violent felony offender, to concurrent terms of imprisonment of from 6 to 12 years, unanimously affirmed.

Credited testimony at a pretrial *Mapp/Wade* hearing was that at approximately 3:30 A.M., on April 9, 1988, uniformed police officers on motor patrol received a radio run of an armed robbery that had occurred approximately fifteen minutes before. The radio run included a description of the robbers as two male blacks, one approximately 6 feet tall, and the other significantly shorter. The clothing worn by each was described and the shorter man was reported to be carrying a gun.

The hearing court properly held that the investigating officers had the duty to stop and inquire of two men (one of whom was defendant) observed in the area of the armed robbery within thirty minutes thereof, and fitting the radioed descriptions of the robbers. The immediate flight of defendant, the suspected gun-carrier, upon the uniformed officers' approach, justified a stop and frisk, and the subsequent recovery of a gun from defendant's person justified defendant's formal arrest. Thus, as the officers' actions were reasonable in the circumstances, the hearing court properly denied defendant's motion for suppression of the physical evidence and identification evidence arising out of defendant's arrest (see, *People v De Bour,* 40 NY2d 210). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Smith, JJ.